UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH BERNARD SMITH,

    Petitioner,                                Civil No. 2:11-CV-10261
                                             HONORABLE ARTHUR J. TARNOW
v.                                         UNITED STATES DISTRICT JUDGE

KEVIN LINDSEY,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Keith Bernard Smith, ("Petitioner"), confined at the Cotton Correctional Facility in Jackson, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his *pro se* application, petitioner challenges his convictions for first-degree felony murder, M.C.L.A. 750.316(b), and assault with intent to rob while armed, M.C.L.A. 750.89. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

---

[1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Bellamy Creek Correctional Facility, but has since been transferred to the Cotton Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Therefore, the Court substitutes Warden Kevin Lindsey in the caption.

1

## I.  Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions arose as the result of the death of Annette Ralston. An autopsy revealed Ralston died of a combination of multiple stab, incised, and blunt force wounds, with the most immediate cause of death likely being a severing of her left carotid artery. Defendant had been acquainted with the victim for a period of a few weeks prior to her death and he was often seen at her residence. The victim's 15-year-old son and the victim's roommate both testified that defendant was present in the victim's home the evening before her body was discovered.
>
> At trial, two witnesses familiar with defendant testified that he had arrived at their home a few days after the murder. At some point during their conversation, defendant told both witnesses that he had done a very bad thing and eventually admitted that he had killed a woman as part of a robbery attempt. Both witnesses testified that defendant provided details of the murder, including that he had used a knife and had driven the victim's son to his foster home prior to the murder. The latter assertion was confirmed by the son at trial.

*People v. Smith*, No. 286701, 2009 WL 3837414, at * 1 (Mich. Ct. App. Nov. 17, 2009).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 485 Mich. 1130, 779 N.W.2d 813 (2010).

Petitioner filed a petition for writ of habeas corpus, which was held in abeyance so that petitioner could return to the state courts to exhaust additional claims.

A post-conviction motion for relief from judgment was filed on petitioner's behalf in the Wayne County Circuit Court. The motion was denied by the trial court.*People v. Smith,* No. 08-003328-01-FC (Wayne Cty.Cir.Ct., Nov. 12, 2012).

Petitioner then filed a second motion for relief from judgment, which was denied as an impermissibly filed successive motion for relief from judgment pursuant to M.C.R. 6.502(G). *People v. Smith,* No. 08-003328-01-FC (Wayne Cty.Cir.Ct., June 14, 2013).

Petitioner filed a motion for the state trial court to vacate its order denying the first motion for relief from judgment and reissuing its opinion denying his second motion for relief from judgment. The judge denied the motion. *People v. Smith,* No. 08-003328-01-FC (Wayne Cty.Cir.Ct., Nov. 2, 2015).

The Michigan appellate courts denied petitioner leave to appeal. *People v. Smith,* No. 331894 (Mich.Ct.App. June 27, 2016); *lv. den.* 501 Mich. 901, 902 N.W. 2d 419 (2017).

On January 10, 2018, the Court granted petitioner's motion to lift the stay and granted his motion to amend the petition. Petitioner seeks habeas relief on the following grounds:

I. Petitioner was denied his federal and state constitutional right to a fair trial by jury when the jurors were affected by extraneous information.

II. The state trial judge deprived Petitioner of his federal and state constitutional right to a properly instructed jury.

III. There was insufficient evidence to support Petitioner's convictions for felony-murder and assault with intent to rob while armed.

IV. The state trial judge deprived Petitioner of his rights to due process and an impartial jury when she allowed the jurors to submit questions for witnesses during the course of trial.

V. The suppression of impeachment evidence favorable to Petitioner's defense violated due process.

VI. Based on newly discovered evidence, there was insufficient evidence to sustain Petitioner's convictions for felony-murder and assault with intent to rob while armed.

VII. Habeas issues V & VI were not raised during Petitioner's direct appeal because he had ineffective assistance of counsel.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III.  Discussion

**A.  The Court grants petitioner's motion to withdraw claims # Five and Seven.**

In his reply brief, petitioner concedes that his fifth claim alleging a violation of *Brady v. Maryland,* 373 U.S. 83 (1963) appears to be without merit and "surrenders on this claim and will not further waste the Court's attention on it."

Doc. 42, PG ID 1186.  Petitioner also concedes that his ineffective assistance of appellate counsel claim is without merit. *Id.* Doc. 42, Pg ID 1187.

A habeas petitioner can withdraw a claim from a habeas petition as long as he or she does so knowingly, voluntarily, and intelligently. *Daniel v. Palmer*, 719 F. Supp. 2d 817, 828 (E.D. Mich. 2010)*; rev'd on other grds sub nom. Daniel v. Curtin,* 499 F. App'x. 400 (6th Cir. 2012).  The Court permits petitioner to withdraw his fifth and seventh claims.

### B. The statute of limitations/procedural default issue.

Respondent argued that petitioner's fifth, sixth, and seventh claims were barred by the statute of limitations and also procedurally defaulted.  Petitioner has withdrawn his fifth and seventh claims but not his sixth claim alleging newly discovered evidence of actual innocence.

Although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F. 3d 1155, 1162 (8th Cir. 1999)(internal citations omitted).  Because the statute of limitations does not constitute a jurisdictional bar to habeas review, a federal court, can, in the interest of judicial economy, proceed to the merits of a habeas petition. *See Smith v. State of Ohio Dept. of Rehabilitation,* 463 F. 3d 426, 429, n. 2 (6th Cir. 2006).  Procedural default is likewise not a jurisdictional bar to

6

review of a habeas petition the merits. See *Trest v. Cain*, 522 U.S. 87, 89 (1997). This Court believes that it would be easier to address the merits of petitioner's sixth claim.

**C. Claim # 3. The extraneous influence claim.**

Petitioner first argues that the trial judge erred in denying his motion for an evidentiary hearing or a new trial based on an allegation of extraneous influence on the jurors. Subsequent to the verdict, but prior to sentencing, a juror contacted defense counsel and indicated that he had changed his vote from not guilty to guilty based on discussions the jurors had over the sentence that petitioner would likely receive if he were convicted.

In *Remmer v. United States*, 347 U.S. 227, 230 (1954), the Supreme Court held that a trial court confronted with an allegation of external tampering or contact with a juror during a trial about a matter pending before the jury "should determine the circumstances, the impact [of the contact] upon the juror, and whether or not it was prejudicial, in a hearing with all interested parties permitted to participate." *Remmer* placed the burden on the prosecution to rebut the presumption that an extrinsic influence upon the jury prejudiced the defense.

However, in *Smith v. Phillips*, 455 U.S. 209 (1982), the Supreme Court subsequently stated,"This Court has long held that the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias." *Id.* at 215. In the aftermath of *Smith v. Phillips,* the Sixth Circuit

7

"has consistently held that *Smith v. Phillips* reinterpreted *Remmer* to shift the burden of showing bias to the defendant rather than placing a heavy burden on the government to show that an unauthorized contact was harmless." *U.S. v. Walker*, 1 F. 3d 423, 431 (6th Cir. 1993)(collecting cases). A *Remmer* hearing is thus not required unless the defendant can show that the unauthorized juror contact "created actual juror bias." *United States v. Frost*, 125 F. 3d 346, 377 (6th Cir. 1997).

To be entitled to a *Remmer* hearing, a defendant "must do more than simply raise the possibility of bias." *Jackson v. Bradshaw*, 681 F. 3d 753, 766 (6th Cir. 2012). Instead, a defendant "must make a colorable claim of extraneous influence," that is, "one derived from specific knowledge about or a relationship with either the parties or their witnesses." *Id*. "Examples of extraneous influences include 'prior business dealings with the defendant, applying to work for the local district attorney, conducting an [out-of-court] experiment, and discussing the trial with an employee.'" *Id.* (internal quotation omitted). A trial court "should consider the content of the allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source when determining whether a hearing is required." *Kowalak v. Scutt*, 712 F. Supp. 2d 657, 692 (E.D. Mich. 2010)(quoting *Sims v. Rowland*, 414 F.3d 1148, 1155 (9th Cir. 2005)(internal quotation omitted)). To be entitled to a post-trial hearing on an extraneous influence claim, a defendant must "come [ ] forward with clear,

8

strong, substantial and incontrovertible evidence that a specific, non-speculative impropriety has occurred." *Id.* (internal quotation omitted).

Moreover, "[s]ince the trial judge is in the best position to determine the nature and extent of alleged jury misconduct, his decision on the scope of proceedings necessary to discover misconduct is reviewed only for an abuse of discretion." *United States v. Rigsby,* 45 F. 3d 120, 125 (6th Cir. 1995)(quoting *United States v. Shackelford*, 777 F. 2d 1141, 1145 (6th Cir. 1985)). Finally, in a habeas corpus case, a state court's findings on whether, and how, an extraneous matter affected jury deliberations "deserve[ ] a 'high measure of deference.'" *Mahoney v. Vondergritt,* 938 F. 2d 1490, 1492(1st Cir. 1991)(quoting *Rushen v. Spain*, 464 U.S. 114, 120 (1983)).

Petitioner is not entitled to habeas relief because he failed to show that the jurors were subjected to an extraneous influence. The Michigan Court of Appeals, in rejecting petitioner's claim, *People v. Smith*, 2009 WL 3837414, at * 2, noted that there was no allegation that a party outside of the jury panel approached the jurors and provided them information about possible penalties.

A juror is incompetent to impeach his or her verdict, except as to extraneous prejudicial information or outside influence. *United States v. Gonzales*, 227 F.3d 520, 523-524 (6th Cir. 2000)(citing to *Mattox v. United States*, 146 U.S. 140, 149 (1892)); F.R.E. 606(b). Juror discussions about possible penalties that a defendant might receive are internal influences that

9

cannot be used to impeach a jury verdict in the absence of allegations that the jurors received this information about possible sentences from an outside source. *Gonzales,* 227 F. 3d at 526. In the absence of any evidence that the jurors received their information concerning possible sentences from an outside source, there was no basis for the judge to conduct a *Remmer* hearing. *Id.* Petitioner is not entitled to relief on his first claim.

**D. Claim # 2. The readback of testimony claim.**

Petitioner next argues that his right to a fair trial was violated when the judge refused the jurors' requests for the testimony of three witnesses to be read back to them.

There is no federal constitutional law which requires that a jury be provided with a witness' testimony. *See Bradley v. Birkett,* 192 F. App'x. 468, 477 (6th Cir. 2006). The reason for this is that there is no U.S. Supreme Court decision that requires judges to re-read testimony of witnesses or to provide transcripts of their testimony to jurors upon their request. *See Friday v. Straub,* 175 F. Supp. 2d 933, 939 (E.D. Mich. 2001). A habeas petitioner's claim that a state trial court violated his or her right to a fair trial by refusing to grant a jury request for transcripts is therefore not cognizable in a habeas proceeding. *Bradley,* 192 F. App'x. at 477; *Spalla v. Foltz,* 615 F. Supp. 224, 233-34 (E.D. Mich. 1985).

Given the lack of holdings by the Supreme Court on the issue of whether a state trial judge is required to re-read the testimony of witnesses or provide transcripts of their testimony to jurors upon their request, the Michigan Court of Appeals' rejection of petitioner's claim was not an unreasonable application of clearly established federal law. *See Wright v. Van Patten,* 552 U.S. 120, 126 (2008); *Carey v. Musladin,* 549 U.S. 70, 77 ( 2006).

**E.  Claim # 3.  The sufficiency of evidence claim.**

Petitioner next contends that there was insufficient evidence to prove that he was the person who murdered the complainant.  The Michigan Court of Appeals rejected the claim, finding that petitioner's identity was established by his confessions to two of the witnesses. *People v. Smith*, 2009 WL 3837414, at *4.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  Instead, the relevant question is whether, after viewing the evidence in

the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*

Under Michigan law, "[T]he identity of a defendant as the perpetrator of the crimes charged is an element of the offense and must be proved beyond a reasonable doubt." *Byrd v. Tessmer*, 82 F. App'x. 147, 150 (6th Cir. 2003)(citing *People v. Turrell*, 25 Mich. App. 646, 181 N.W.2d 655, 656 (1970)).

"[A]n admission by the accused identifying himself (or herself) as the person involved in the (crime) is sufficient to sustain a guilty verdict when the crime itself is shown by independent evidence." *United States v. Opdahl*, 610 F. 2d 490, 494 (8th Cir. 1979); *See Johnson v. Coyle,* 200 F.3d 987, 992 (6th Cir. 2000)(petitioner's identity as murderer supported in part by evidence that he

confessed several times to murdering sister); *Sok v. Romanowski,* 619 F. Supp. 2d 334, 351 (W.D. Mich. 2008)(evidence sufficient to establish petitioner's identity as armed robber where his admissions placed him at the location of the crime); *Hatchett v. Withrow*, 185 F. Supp. 2d 753, 759 (E.D. Mich. 2002)(petitioner's identity as perpetrator of crime supported in part by his detailed confession to the crime).

To the extent that petitioner challenges the credibility of the prosecution witnesses, he would not be entitled to relief. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.* Any insufficiency of evidence claim that rests on an allegation of the witnesses' credibility, which is the province of the finder of fact, does not entitle a habeas petitioner to relief. *See Tyler v. Mitchell,* 416 F. 3d 500, 505 (6th Cir. 2005). Petitioner is not entitled to relief on his third claim.

**F. Claim # 4. The jury being allowed to ask questions.**

Petitioner alleges that the trial court abused its discretion when it permitted the jurors to submit questions to the witnesses.

Federal courts hold it is a matter of discretion to allow questions by jurors in federal criminal trials. See discussion in *United States v. Collins*, 226 F.3d 457, 461 (6th Cir. 2000). There are no cases which indicate that questions by jurors implicate a specific constitutional guarantee. There is no clearly established federal law, as determined by the Supreme Court of the United States, that holds that juror questioning of witnesses violates the Sixth or Fourteenth Amendments. *Mendoza v. Berghuis*, 544 F.3d 650, 655–56 (6th Cir. 2008). *See Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006)(no Supreme Court precedent holds that juror questioning of witnesses violates the Sixth or Fourteenth Amendments). Furthermore, "allowing jurors to ask questions during criminal trials is permissible and best left to the discretion of the trial judge." *United States v. Collins*, *Id.* Juror questions are reviewed on habeas review for a violation of due process. *See Wheeler v. Jones,* 59 F. App'x. 23, 30 (6th Cir. 2003)(internal citation omitted).

Petitioner has not established that any of the juror questions were prejudicial or violated his right to due process. Petitioner is not entitled to habeas relief on his fourth claim.

### G. Claim # 6. The actual innocence claim.

Petitioner in his sixth claim argues that he is entitled to a writ of habeas corpus because he is actually innocent of the crime. Petitioner's actual innocence claim is based on the affidavit of Robert Evans, signed on October

14

11, 2012 and attached as Exhibit A to petitioner's 2013 motion for relief from judgment. See Doc. 41-3, Pg ID 1046.  Mr. Evans claims that on February 17, 2008, he had a discussion with his sister Latoya Evans and her boyfriend Shayne Dennis, the two prosecution witnesses who testified that petitioner confessed to murdering the complainant.  Mr. Evans avers that his sister and Mr. Dennis told him that the police were looking for petitioner and that the two had inquired whether there was a reward.  Mr. Evans claims that his sister and Mr. Dennis had said that petitioner had told them nothing about the crime other than that the police wanted to speak with him.  Mr. Evans claims "They then said fuck him, because they would figure out how to get that money if they could."  Mr. Evans alleges that his sister and her boyfriend fabricated petitioner's confessions to them so that they could get the reward money.

Mr. Evans' proposed testimony could be used at most to impeach the credibility of his sister and Mr. Dennis.  Impeachment evidence does not provide sufficient evidence of actual innocence to support a free-standing innocence claim. *See Calderon v. Thompson*, 523 U.S. 538, 563 (1998)(newly discovered impeachment evidence, which is "a step removed from evidence pertaining to the crime itself," "provides no basis for finding" actual innocence); *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) (newly discovered impeachment evidence "will seldom, if ever," establish actual innocence).  Petitioner is not entitled to relief on his sixth claim.

## H. A certificate of appealability.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[2] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

The Court concludes that jurists of reason would find its assessment of the constitutional claims debatable or wrong. *See Slack*, 529 U.S. at 484-85. Any

---

[2] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

doubt regarding whether to grant a COA is resolved in favor of the habeas petitioner, and the severity of the penalty may be considered in making that determination. *See Newton v. Dretke,* 371 F. 3d 250, 253 (5th Cir. 2004). Any doubts regarding the issuance of a COA in this case should be resolved in petitioner's favor, in light of the nonparolable life sentence that he is serving. The Court issues petitioner a COA. Petitioner is also granted leave to proceed on appeal *in forma pauperis*, as any appeal would be in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## IV. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Smith is not entitled to federal-habeas relief on the claims presented in his petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**. (Dkts. # 1, 38). The Court issues petitioner a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

                                      s/Arthur J. Tarnow
                                      **HON. ARTHUR J. TARNOW**
                                      SENIOR UNITED STATES DISTRICT JUDGE

Dated: June 12, 2018